**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| S.L., Petitioner, | : | |
| v. | : | Case No. 4:26-cv-837-CDL-ALS |
| Warden, STEWART DETENTION CENTER, *et al.*, Respondents. | : | |

# ORDER

Pending before the Court are Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1), Respondent's Response (ECF No. 7), Petitioner's Motion to Appoint Counsel (Doc. 10), and Petitioner's Motion for an Evidentiary Hearing (ECF No. 11).

The Court has reviewed Petitioner's Motion for an Evidentiary Hearing and determined that it requires additional briefing to resolve the matter. It appears to be undisputed that Petitioner is subject to a final order of removal and that Petitioner's post-removal-order detention has exceeded the six-month presumptively reasonable period recognized in *Zadvydas*. *Zadvydas v. Davis*, 533 U.S. 701 (2001); *see* ECF Nos. 1 at 3, 7-1 at 2. In response to Petitioner's writ of habeas corpus, Respondent asserts that Petitioner has not met his burden under *Zadvydas*, 533 U.S. at 678, to show that there is no significant likelihood of removal in the reasonably foreseeable future. (ECF No. 7, at 1, 3-4). In support thereof, Respondent attached a declaration from Supervisory Detention and Deportation Officer Tartanger L. Stephens, which states that on February 11, 2026, ERO Headquarters told the local field office "that Pakistan had stated it would not issue a travel document for Petitioner." (ECF No. 7-1, at 2). The declaration further states that on June 17, 2026, ERO Headquarters told the field office "that removal to Mexico was not an available option." *Id.*

at 3. Although Respondent contends it is pursuing Petitioner's removal to a third country, it fails to identify that country, describe any steps taken toward removal there, or estimate when removal might occur. *See generally*, ECF No. 7.

Accordingly, the Court **HEREBY ORDERS** that:

1. Within fourteen (14) days of the date of service of this Order, Respondents shall file:
    a. A supplemental brief no longer than five (5) pages addressing the issues set forth above to include any pending travel document request for Petitioner made since June 30, 2026; the identity of any country(ies) to which each such request was made since June 30, 2026 and its current status; and any efforts Respondent has taken to remove Petitioner since June 30, 2026, if any.
    b. Any supporting documentation necessary to support Respondent's supplemental filing.
2. Within fourteen (14) days of the date of service of Respondent's supplemental brief, Petitioner may file a supplemental response.

The Court holds in abeyance Petitioner's Motion to Appoint Counsel (Doc. 10) and Motion for an Evidentiary Hearing (Doc. 11), pending the conclusion of supplemental briefing.

**SO ORDERED**, this 2nd day of November, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE